# White v. Taylor, Etc.

### APPEAL FROM WARREN CIRCUIT COURT.

ATTACHMENT—INSURANCE MONEY.—An attachment, after a return of *nulla bona*, against a defendant who held a vendor's lien against the garnishee with an insurance policy on the house sold as security, will create a lien on the fund due by the insurance company for a loss covered by the policy; and the defendant can not complain that the insurance money is appropriated to pay his debt to his vendor or the latter's debt to the plaintiff.

MITCHELL & DuBOSE FOR APPELLANT.

1. The indebtedness of White to Dearing was to be discharged in labor and therefore was not subject to garnishment.
2. The maturity of a debt can not be accelerated even though the court had under its control the fund out of which the debt is to be satisfied.
3. Where one party pays the consideration and directs a conveyance to be made to another, in the absence of any agreement therefor, there is no lien on the land for a debt due by the grantee to the party paying the consideration.
4. If Dearing had no lien or legal claim on the property an endorsement on the insurance of loss, if any, payable to him as his interest might appear, would give him no right to any part of the proceeds and a creditor of his attaching the policy would be in no more favorable attitude.

JOHN B. RODES FOR APPELLEE.   (McQUOWN & RODES OF COUNSEL).

Dearing had a lien on the property conveyed to White and on the insurance money and this money was subject to plaintiff's claim. 7 B. Mon., 101; Barnett v. Salyers, 11 Ky. Law Rep., 465.

White v. Taylor, &c.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

In 1895, appellee, Taylor, instituted his suit in equity against D. B. Dearing, upon return of *nulla bona,* and made the appellant, White, a defendant thereto, alleging that he was indebted to his co-defendant, and asking that he be required to state the amount of such indebtedness, and that it be subjected to the satisfaction of his judgment against Dearing.

Appellant filed his answer, admitting that he owed his co-defendant $341.95, but averred that only $20 of same was due, and that the balance would fall due in monthly installments of $10 each, which, according to the provisions of the contract made with Dearing, was to be paid by him in work as a painter, and averred his willingness to discharge said debt in accordance with contract, if the court would so adjudge.

The court entered a judgment sustaining plaintiff's attachment, and authorizing appellant to discharge his indebtedness of $341.95 to Dearing by doing work as a painter for appellee to the extent of $10 per month. This was evidently a "consent judgment," entered at the request of appellant and largely for his benefit, and on the faith that the averments contained in the answer filed by him were true.

Subsequently thereto, in February, 1897, appellee instituted this suit for a new trial, in which he alleged that, after judgment was rendered in the first proceeding, he had discovered that the averment made by defendant White in his original answer, that his contract with Dearing authorized him to discharge the indebtedness due to Dearing in work as a painter, was false and fraudulent; that the $341.95 owing by White to Dearing was, according to a written contract between them, to be paid in money, in

monthly installments of $10 each, until the whole amount should be paid, the consideration therefor being a house and lot located in Bowling Green, Ky. Plaintiff further alleged that the house on the lot had been totally destroyed by fire, and that there was an insurance policy amounting to seven or eight hundred dollars thereon, payable to Dearing as his interest might appear; that this policy had been collected, and the proceeds thereof were in the hands of one Potter; and claiming that Dearing had a lien on this insurance money for the balance of the purchase money due him, and sought to subject the amount due Dearing therein to the satisfaction of his judgment, which still largely remained unpaid.

This was resisted by appellant, who again, in substance, reaffirmed the averments of his original answer, and denied that Dearing had a lien upon the property or the insurance money arising from the destruction of the house.

Upon the trial of the second case, the court granted a new trial, adjudged that appellant was indebted to Dearing in the sum of $250.20, of which $30 was not then due, but would fall due at the rate of $10 per month on the 1st day of the three succeeding months thereafter; that appellee, Taylor, was entitled to have the $220.20 due by White to his co-defendant applied to the payment of his indebtedness against Dearing; and that he had a lien upon the proceeds of the insurance policy held upon the house in the hands of Potter; and upon this appeal we are asked to reverse that judgment.

It is insisted for appellant—First, that at the date of the entry of the judgment he only owed his co-defendant $235; and, second, that this indebtedness was payable in labor, and not in money.

Upon both of these questions the proof is somewhat

conflicting. Dearing testifies that White was to pay for the house and lot sold him in money, at the rate of $10 per month; that, as a matter of convenience to both parties, he had frequently paid this sum in work as a painter, as he (Dearing) was a professional house builder, and frequently had occasion to employ him to perform work on buildings erected by him, but that this in no way affected the contract between them; and Dearing is sup-ported in his statement by the written agreement entered into between the parties at the time the contract was made. It therefore seems to us that the proof on this issue abundantly supports the finding of the chancellor.

As to the amount of White's indebtedness to Dearing, both of them testify that, after the burning of the house, they had a settlement, and it was agreed that appellant still owed his co-defendant $268.75. Subsequently thereto White paid to Taylor $18.75, thus leaving a balance due of $250.

It seems to us unnecessary to discuss the question as to whether an indebtedness payable in labor can be the subject of garnishment in this case, as that judgment was rendered at the request of appellant, and was set aside against his protest, and is not germane to any issue before the court upon this appeal. Under our statute regulating conveyances between the parties to the deed, it is unnecessary that a lien should be retained, so far as the parties thereto are concerned. When it clearly appears that any portion of the purchase money is unpaid, as between the parties, the lien will be decreed. In this case, by express agreement between appellant and his co-defendant, the policy of insurance was permitted to be taken out payable to Dearing, and we think there can be no doubt that the lien for purchase money due to Dearing attached to

the proceeds of the insurance policy to satisfy the balance due him, and, whilst the interest of White in the proceeds of this policy was identical with his interest in the house which had been destroyed, under the contract of purchase Dearing had the right to subject the property itself to the payment of the balance due him, and it certainly can be no hardship to permit him or his creditor to appropriate enough of the insurance money arising from the destruction of the property to the discharge of such indebtedness.

It seems to us, from a careful examination of this record that there has been no error prejudicial to the substantial rights of defendant, and the judgment is therefore affirmed.