## In re CALDWELL.

(District Court, S. D. Georgia, N. E. D.   March 22, 1910.)

1. BANKRUPTCY (§ 261*)—SALE OF BANKRUPT'S ASSETS—NOTICE.

Where an alleged lien creditor of a bankrupt was present at a sale of the bankrupt's assets and bid thereon, whether he received the usual notice of sale by mail or not was immaterial.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. § 261.*]

2. BANKRUPTCY (§ 258*)—MORTGAGE—SALE OF ASSETS—EXTINGUISHMENT OF LIEN.

Where an alleged mortgage held by a bankrupt's creditor covered only a part of his stock, which was sold by the trustee, the creditor's failure to object to the sale, and ask a separation, constituted an extinguishment of the lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 358, 359; Dec. Dig. § 258.*]

3. CHATTEL MORTGAGES (§ 6*)—BILL OF SALE—STATUTES.

Civ. Code Ga. 1895, § 2723, declares that a mortgage passes no title, and may embrace all property in possession, or in which the mortgagor has a right of possession, at the time, and may cover a stock of goods or other things in bulk, but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches to purchases made to supply their place. Section 2771 declares that, when any person shall convey personal property by bill of sale to secure a debt, the conveyance shall be absolute, with the right of the seller to have the property reconveyed on payment of the debt, and not a mortgage. *Held*, that where an instrument recited that, whereas, the subscriber bargained, sold, transferred, and conveyed to C. all the stock of goods in a certain store, etc., that delivery was dispensed with, and that the goods were to remain in the subscriber's possession until default in the payment of the note and interest, during which time the subscriber was to be a bailee for hire, and on default was to deliver the property to C., it was a deed to secure a debt, and not a chattel mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 23–41; Dec. Dig. § 6;* Sales, Cent. Dig. § 1332.]

In the matter of bankruptcy proceedings of M. A. Caldwell. On petition to review a referee's decision refusing to allow the claim of M. M. Caldwell as preferred. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George T. Jackson, for intervening claimant.

J. R. Phillips and R. N. Hardeman, for objecting creditors.

SPEER, District Judge. M. A. Caldwell, a merchant at Wadley, Ga., filed a voluntary petition in bankruptcy, and was duly adjudged a bankrupt. A trustee was duly elected, and by appropriate orders of the referee the stock of goods of the bankrupt, constituting his whole estate, was sold by the trustee for about the sum of $800. After the sale of the stock of merchandise by the trustee, one M. M. Caldwell, the father of the bankrupt, filed with the referee a proof of claim, setting up that the bankrupt was indebted to him in the sum of $1,000 upon a promissory note, secured by a mortgage or bill of sale to the entire stock of merchandise, and asked that all of the money arising from the sale of the stock be awarded to him.

Certain unsecured creditors, who had proved their claims, filed objections to the allowance of the claim of said M. M. Caldwell as a preferred claim. The referee, after a hearing and argument of counsel, sustained the objections, and refused to allow the claim of M. M. Caldwell as a preferred claim.

This ruling of the referee is sought to be reviewed and reversed by the intervener, M. M. Caldwell. The particular grounds of error alleged are that the referee erred in holding:

"That petitioner's mortgage was a mortgage on only the specific articles enumerated therein, and in not holding instead that the same was a mortgage upon such specified articles as a stock in bulk, but changing in specifics, and covered all articles purchased to replace such specified articles, to an amount not exceeding the original value of the entire stock."

"In ruling that by failing to object to said sale, or require a separation, petitioner lost his lien on the entire stock, and in not holding instead that, as petitioner received no notice of the application or order for said sale, the lien of his mortgage attached to the entire proceeds thereof, and he was and is entitled to priority of payment therefrom."

The court will consider the last objection urged first. The referee in his certificate makes the following statement:

"The records of my office fail to disclose any direct evidence of notice of the sale to the creditor, M. M. Caldwell, or his attorney, and I have no means of knowing whether or not such notice was received by either of them, except that it is my uniform custom to send notice of sales to all creditors appearing of record. The usual notices were issued in this case. The sale was advertised, and M. M. Caldwell attended the sale and bid on the stock."

This certificate of the referee is not traversed, and is therefore taken by the court to be true. If M. M. Caldwell was present at the sale and bid on the stock, it makes no difference whether he received the usual notice by mail or not, and he is now estopped from urging that he had no notice.

The referee's ruling that the creditor lost his lien, if his mortgage covered only part of the stock of goods, by his failure to object to the sale and ask a separation, seems to be amply supported by authority. A case in point is Robinson v. Norton, 108 Ga. 562, 34 S. E. 147, wherein the Supreme Court of Georgia declare:

"But even if the mortgage lien attached to all the groceries in the ware-room, it was, as has been seen, impossible, under the evidence, to arrive at

any amount for which the lien was enforceable. A plaintiff must make out his case by evidence showing with at least reasonable certainty his right to the relief for which he prays. As the receiver failed to do this, the court erred in granting the injunction."

2. Counsel for M. M. Caldwell contend that the paper under consideration is a mortgage under the law of Georgia, and is therefore a lien upon all goods purchased and brought into the store subsequent to its execution, while the creditors contend that it is an absolute deed or bill of sale, and was a lien only upon the goods therein mentioned.

Section 2723 of the Civil Code of Georgia of 1895 provides:

"A mortgage in this state is only a security for a debt, and passes no title. It may embrace all property in possession, or to which the mortgagor has the right of possession at the time, or may cover a stock of goods, or other things in bulk but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches on the purchases made to supply their place."

Section 2771 of the Civil Code of Georgia of 1895 provides:

"Whenever any person in this state conveys any real property by deed to secure any debt to any person loaning or advancing said vendor any money * * * or shall in like manner convey any personal property by bill of sale * * * such conveyance of real or personal property shall be held by the courts of this state to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage."

The paper introduced in evidence by M. M. Caldwell, recites:

"Whereas, I, M. A. Caldwell, am indebted to M. Mathias Caldwell in the sum of ten hundred dollars, evidenced by my promissory note dated the 31st day of October, 1908, and payable the 1st day of October, 1909, with interest from date at the rate of eight per cent. per annum:

"Now, therefore, in order to secure the payment of said note, I hereby bargain, sell, transfer, and convey to the said M. Mathias Caldwell, his administrators, executors, and assigns, the following personal property, to wit: All the stock of goods in the store leased by me from N. W. Bedinfield, and commonly known as 'Caldwell's Grocery Store,' lying and being on the west side of Main street, in the town of Wadley, in the county of Jefferson, and state of Georgia, as follows, to wit: 50 Pkg. Jello, 120 Cans Salmon, 38 Pkgs. Evaporated Milk, 34 Pkgs. P. & M. Powders, 18 Cans Apples. [Then follows a long list of such articles, and concludes:] And each and every other article in said store, of said stock of goods, and all the fixtures and appurtenances thereto.

"The delivery of said property to said M. Mathias Caldwell is hereby dispensed with, and the same is to remain in my possession, and I am to have the use and possession of the same until default on my part to pay said note or interest when due. My possession of said property, until said note is paid, is to be that of a bailee for hire, the holder of said note to be paid as hirer of said property, and upon default as aforesaid I bind myself to deliver said property to said M. Mathias Caldwell as such bailee.

"This 31st day of October, 1908."

Signed by M. A. Caldwell, and witnessed by a notary public.

The reading of this instrument is sufficient to convince that it was intended, not as a mortgage, but, under section 2771 of the Code, supra, as a "deed to secure debt."

There are numerous decisions by the Supreme Court of this state pointing out the difference between a mortgage and a deed to secure

debt. See Burkhalter v. Bank, 100 Ga. 432, 433, 28 S. E. 236; Pitts v. Maier, 115 Ga. 281, 41 S. E. 570, and the authorities cited.

The bankrupt's petition was filed July 22, 1909. It is admitted that, between the date of the execution of the deed to secure debt and the filing of this petition, the stock of goods had largely changed "in specifics." No effort was made by the lienholder to separate the goods covered by his lien from those not so covered. This being a burden imposed upon him, the court is of opinion that the referee was correct in holding that he had failed to make out his case. While the court has some doubt as to the finding of the learned referee that the paper is a mortgage, he does agree with him in his conclusion, and therefore directs that an order be taken affirming his judgment.