In re MARTIN.

HEADLEY v. WARREN.

(Circuit Court of Appeals, Third Circuit. January 17, 1914.)

No. 1804.

BANKRUPTCY (§ 224*)—MORTGAGED PROPERTY—SALE—HEARING—JURISDICTION OF REFEREE.

Where a petition to sell certain mortgaged property of a bankrupt free from the lien of the mortgage and transfer the lien to the proceeds did not ask for an adjudication as to the validity of the mortgage, and the notice to creditors contained nothing concerning an attack on the mortgage, and the mortgagee could have had no notice that such an attack would be made, the referee had no jurisdiction to determine the validity thereof and to adjudge it void.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. § 224.*]

Petition for Revision of Proceedings of the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

In the matter of bankruptcy proceedings of John N. Martin. Petition by James R. Headley, trustee, to revise an order requiring him to pay over to George H. Warren, mortgagee, certain money, part of the proceeds of a sale of the mortgaged property under an order to sell the same free from liens and transfer the mortgage lien to the proceeds. Affirmed.

Martin W. Lane, of Millville, N. J. (Louis H. Miller, of Millville, N. J., of counsel), for petitioner.

Wilson & Carr, of Camden, N. J. (Walter R. Carroll, of Camden, N. J., of counsel), for respondent.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. On January 11, 1909, when Martin was adjudged bankrupt, nearly all his personal property was covered by the lien of a chattel mortgage in favor of George H. Warren. The mortgage bore the date of April 9, 1908, but was not recorded until April 28th. Nevertheless it was prima facie a valid incumbrance, and could not be ignored. On January 29, 1909, James R.

Headley was appointed trustee, and on February 20th he petitioned the referee to order a sale of the property free and clear of liens. The petition did not attack the mortgage, but was based wholly on the trustee's desire to sell the property to the best advantage, and upon his belief that a better price would be obtained by transferring the mortgage lien to the fund derived from the sale. The referee notified the creditors that a meeting would be held "to pass upon the foregoing petition," and on March 5th he made the order of sale prayed for. But, for some reason that does not fully appear, he went much further, and made the following order also:

"It appearing to the court that the chattel mortgage made and executed by the bankrupt on the 9th day of April, A. D. 1908, to one George H. Warren, covering stock in the store of bankrupt in the city of Millville, was recorded on the 28th day of April, A. D. 1908, and that due diligence had not been exercised by the mortgagee in the recording of the same as required by the statutes of the state of New Jersey, it is, in open meeting of creditors, of which meeting 10 days' notice has been given to all creditors, for an order to sell the stock of the bankrupt, free and clear of liens, and, no adverse interest appearing, it is, on this 5th day of March, A. D. 1909,

"Ordered that said chattel mortgage be void as against other creditors of the bankrupt."

But the referee had no authority, real or apparent, to make this order, and his lack of power appears on the face of the proceedings. The petition did not ask for it, the notice to creditors said nothing about an attack on the mortgage, and the mortgagee could have had no notice that such an attack would be made. The orders show that he was neither present nor represented, and it seems clear that the referee acted upon a misconception of his power.

These matters, however, are not before us on this petition; we are only concerned with the validity of an order made by Judge Rellstab on May 5, 1913, in which, after reciting certain facts, he orders the trustee to pay a certain sum of money to Warren:

"And it appearing from the proofs and papers on file in the cause that the trustee aforesaid realized the sum of $2,403.02 by selling and disposing of the goods and chattels of the said bankrupt which were subject to the lien and operation of the chattel mortgage of petitioner, and that out of the said sum only $1,125.14 has been paid petitioner on this chattel mortgage, leaving the sum of $1,277.88 applicable to the payment of his said mortgage, and it further appearing that out of said last-mentioned sum there should be allowed the sum of $150 for moneys paid to the receiver and his counsel by previous order of the court, and that the sum of $330.55 has been properly paid out for administration expenses, leaving the sum of $797.33 applicable to petitioner's mortgage debt.

"It is thereupon, on this 5th day of May, 1913, ordered, adjudged, and decreed that James R. Headley, the trustee, do pay to the said George H. Warren, within 30 days after service upon him of a certified copy of this order, the said sum of $797.33."

The present proceeding is a petition to revise the order just quoted, and we are therefore confined to matters of law. But we have examined the whole record, and are satisfied that the district court has correctly disposed of all the matters that were presented. The questions that the trustee attempts to raise now are all based upon the erroneous assumption that the referee's order of March 5, 1909, is valid because it has never been formally reversed. It is true that no formal order of

reversal has been entered, but (even if this were important in a case where the lack of power appears on the face of the proceedings), it is also true that on December 20, 1909, the referee, upon a subsequent hearing, found the mortgage to be valid. Indeed the order of March 5th has been disregarded by all parties, and is only relied upon now because no other ground of objection in matter of law is even plausible.

But we do not wish to be led into a discussion of the facts, and we shall not go into details of the numerous proceedings shown by this record. As we have said, the trustee has no case, unless he can claim the protection of the invalid order of March 5, 1909. It is enough for us to say that the order of May 5, 1913, has not been shown to be erroneous in any matter of law, and disputed questions of fact are not before us. These questions must have been disposed of by the district court, before the order of May 5th could have been made.

The order is affirmed.