## Pace v. Berry, et al.

(Decided June 1, 1917.)

### Appeal from Ballard Circuit Court.

1. Bankruptcy—Sale of Land Free from Lien—Notice to Lienholder—Waiver.—A lien creditor waives his right in a bankruptcy proceeding to object to a sale of the bankrupt's land, free from any and all liens, on account of a lack of notice, where, after objecting to the sale, he withdraws his objections, and he and his attorney attend the sale and the sale is then confirmed without objection.

2. Bankruptcy—Judgment of Sale—Conclusiveness—Collateral Attack.—A lienholder who has waived his right to object to the sale of the bankrupt's real estate, free from liens and encumbrances, is concluded by the judgment of sale and cannot, in a collateral proceeding, enforce his lien on the ground that the sale was void as to him.

3. Vendor and Purchaser—Purchase Money Lien—Failure to State Consideration Remaining Unpaid—Effect.—As betwen the vendor and vendee, the vendor, in the absence of an agreement to the ontrary, has a lien for the unpaid portion of the purchase money, although it does not appear from the deed that any part thereof remains unpaid.

4. Bankruptcy—Setting Aside of Homestead—Discharge—Effect on Contract Liens.—Neither the setting aside of a homestead to a bankrupt nor his subsequent discharge relieves the property from the operation of a mortgage or vendor's lien thereon obtained before the bankruptcy.

5. Homestead—Right To As Against Purchase Money Lien.—A purchaser of a house and lot is not entitled to a homestead therein as against a lien note given for the purchase money.

6. Vendor and Purchaser—Liens—Superiority.—Grace and Phelps exchanged a house and lot for a farm owned by Nat L. Miller, retaining a lien on the house and lot for $1,000.00. Nat L. Miller then agreed to exchange the house and lot for a farm belonging to T. A. Miller, the latter assuming the $1,000.00 lien on the house and lot. T. A. Miller then sold the house and lot to W. W. Berry; who agreed to assume the payment of the $1,000.00 lien in favor of Grace and Phelps and to execute his note for $1,000.00, the balance of the purchase price. To save the expense of recording the numerous transfers, Grace and Phelps

conveyed the house and lot to W. W. Berry, retaining a lien
thereon to secure two notes for $500.00 each, which Berry exe-
cuted in lieu of the original lien in favor of the grantors, which
both he and T. A. Miller had agreed to assume. Berry then
executed a $1,000.00 note to T. A. Miller, but this note was not
secured by lien or mentioned in the deed: Held, that the lien
of Miller, and, therefore, of his assignee, was inferior to that
of Grace and Phelps.

EATON & BOYD for appellant.

M. C. ANDERSON and HENRY F. TURNER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming as to R. E. Grace and revers-
ing as to W. W. Berry.

R. E. Grace and E. C. Phelps were the owners of a
house and lot in the town of Barlow. They exchanged the
house and lot for a small farm owned by Nat L. Miller.
The house and lot were valued at $2,000.00 and the farm
at $2,400.00. There was a $1,000.00 mortgage on the
farm. Grace and Phelps paid Miller the sum of $400.00
and to secure themselves against the mortgage lien on
the farm retained a lien on the house and lot. Thereupon
Nat L. Miller made a deed to Grace and Phelps. Subse-
quently Nat L. Miller entered into a written contract
with T. A. Miller, whereby he agreed to convey the house
and lot to T. A. Miller in exchange for ten acres of land
belonging to T. A. Miller, and situated in McCracken
county. The latter assumed the $1,000.00 lien on the
house and lot and retained a lien on the ten-acre tract
for an equal sum. T. A. Miller then sold the house and
lot to W. W. Perry, who agreed to assume the payment
of the $1,000.00 lien in favor of Grace and Phelps, and
to execute his note for $1,000.00, the balance of the pur-
chase price. To avoid the expense of recording the nu-
merous transfers, Grace and Phelps conveyed the house
and lot in Barlow to W. W. Berry by deed bearing the
same date as their original deed to Nat L. Miller; the
deed reciting a consideration of "One dollar in hand
paid, the receipt of which is acknowledged, and one note
for $500.00 of even date due and payable on May 7th,
1914, and one note for $500.00 of even date therewith due
and payable May 7th, 1915, each note to bear interest at
the rate of 6% until paid." At the same time, Berry ex-
ecuted to T. A. Miller a note for $1,000.00, which was not
mentioned in the deed to him from Grace and Phelps,

but was given as a part of the purchase money for the house and lot and was secured by a mortgage on a 200-acre tract of land which Berry owned, and which was heavily encumbered to other parties. Some time later, Berry was adjudged a bankrupt by proper proceedings had in the Federal Court for the Western District of Kentucky. The 200-acre tract of land was ordered sold free of liens and encumbrances. The $1,000.00 note executed by Berry to T. A. Miller was scheduled in the list of the bankrupt's liabilities. In the meantime, that note had been purchased by John H. Pace. Pace appeared in person and by attorney and objected to the sale of the 200-acre tract of land. Subsequently Pace withdrew his objections and the sale took place. Pace and his attorney were present at the sale. R. E. Grace held a lien on the land superior to that of Pace for the sum of $14,-600.00. Pace purchased the land for $13,500.00. Later on the sale was confirmed by the court. It further appears that the house and lot in Barlow were set aside to the bankrupt as exempt property.

This suit was brought by John H. Pace to enforce his $1,000.00 lien not only against the house and lot in Barlow, but against the 200-acre tract of land sold in the bankruptcy proceeding to R. E. Grace. On final hearing, the chancellor adjudged that R. E. Grace, who then owned the two $500.00 notes executed by W. W. Berry, was entitled to a lien on the house and lot to secure their payment. He further adjudged that Pace was not entitled to a lien either on the house and lot or on the 200-acre tract of land, and awarded the house and lot to W. W. Berry, as a homestead. From this judgment Pace appeals.

Appellant contends that the sale of the 200-acre tract of land, on which he had a mortgage for $2,000.00, free from all liens and encumbrances, was void as to him, because he was not served with process or otherwise notified of the proceedings so as to afford him an opportunity to oppose the sale of the property. It appears, however, from the stipulations of the parties that the referee, on June 2, 1914, issued a combined notice and order of sale of the 200-acre tract of land, free from any and all liens and encumbrances, to take place at the court house door in Wickliffe, Kentucky, on June 29, 1914; that on the day of the sale appellant filed exceptions and objections to the sale, and on the same day his attorney withdrew his objections. It further appears that appellant and his

attorney attended the sale and that the sale was thereafter confirmed without objection on the part of appellant. Under these circumstances, we conclude that appellant waived his right to object to the sale on account of a lack of notice, and is, therefore, concluded by the judgment. 7 C. J., section 360, page 233; Keyser v. Wessel, 128 Fed. 281, 62 C. C. A. 650; In re Caldwell, 178 Fed. 377. That being true, he cannot enforce his mortgage lien in this collateral proceeding on the ground that the sale was void as to him.

When we come to consider appellant's right to a lien on the house and lot, a different question is presented. Section 2358 of the Kentucky Statutes is as follows:

"Liens for purchase money—recital in deed. When any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against *bona fide* creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid."

While this section provides that the grantor shall not have a lien for any portion of the consideration remaining unpaid as against *bona fide* purchasers and creditors, it is the established rule in this state that, as between the vendor and vendee, the vendor, in the absence of an agreement to the contrary, has a lien for the unpaid portion of the purchase money, although it does not appear from the deed that any part thereof remains unpaid. Ross v. Adams, 13 Bush 370; Tate v. Hawkins, 81 Ky. 577; Brown v. Ferrell, 83 Ky. 417; White v. Taylor, 107 Ky. 20, 52 S. W. 820. In view of the fact that the deeds from Grace and Phelps to Nat L. Miller, and from Nat L. Miller to T. A. Miller were not put to record, but the final transaction was consummated by a deed from Grace and Phelps to W. W. Berry, we conclude that T. A. Miller was, in effect, the grantor of W. W. Berry, and the evidence failing to show any agreement by which T. A. Miller was not to have a lien on the house and lot, he was entitled to a lien thereon as between him and Berry for the $1,000.00, which represented the portion of the purchase price going to him. That being true, Pace, the assignee of the note, acquired the same lien.

It is not clear from the judgment whether the chancellor, in adjudging Berry a homestead in the house and lot, intended merely to give effect to the action of the bankrupt court, or to hold independently of that action that Berry was entitled to a homestead, but, in either

event, the judgment is erroneous. While bankrupt courts have jurisdiction to determine all claims of bankrupts to exemptions, it is well settled that neither the setting aside of homestead to a bankrupt nor his subsequent discharge relieves the property from the operation of a mortgage or vendor's lien thereon, obtained before the bankruptcy. Long v. Bullard, 117 U. S. 617, 29 L. Ed. 1004; Ross v. Worsham, 65 Ga. 624; Brady v. Brady, 71 Ga. 71; Smith v. Gowdy, 3 R. 538; 3 R. C. L., section 143, page 322. Since appellant's rights were not affected by the action of the bankrupt court, and since it is clear that, under our law, Berry is not entitled to a homestead as against a lien note given for the purchase money, it follows that he was improperly adjudged a homestead in the house and lot in question, and that appellant should have been adjudged a lien thereon to secure the payment of the $1,000.00 note.

However, there is no merit in the contention that appellant's lien is of equal dignity with that of Grace. If the numerous trades had been carried out as originally intended, they would have resulted as follows: Grace and Phelps would have conveyed the house and lot to Nat L. Miller and have retained a lien thereon for $1,000.00; Nat L. Miller would have conveyed to T. A. Miller, who would have assumed the payment of this lien; and T. A. Miller would have conveyed to W. W. Berry, who would have assumed the same lien and executed his note to T. A. Miller for $1,000.00, thereby making the lien to secure the latter note subordinate to the lien retained by Grace and Phelps. To save the expense of the numerous transfers, Grace and Phelps conveyed direct to Berry, reserving a lien on the property to secure the two $500.00 notes which Berry executed in lieu of their original lien which both he and T. A. Miller had agreed to assume. At the same time, Berry executed the $1,000.00 note to T. A. Miller, which was not secured by any lien or mentioned in the conveyance. Since Grace and Phelps would have had a lien superior to that of T. A. Miller if the transaction had been carried out as originally intended, and since they did nothing to waive this right, but, on the contrary, reserved in the deed to Berry a lien to secure the payment of the two $500.00 notes, which he executed in lieu of their original lien, which both T. A. Miller and Berry had agreed to assume, it is clear that T. A. Miller's lien to secure the purchase money note for $1,000.00, executed to him by Berry and

not mentioned in the deed at all, is inferior to the lien retained by Grace and Phelps. That being true, appellant, his assignee, occupies the same position. It follows that the chancellor did not err in holding that Grace, who now owns the two $500.00 notes, was entitled to a first lien on the property.

Judgment affirmed as to R. E. Grace and reversed as to W. W. Berry, and cause remanded with directions to enter judgment in conformity with this opinion.