## Hartsfield v. Pace.

(Decided September 24, 1920.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Delay in Setting Case for Trial.—A litigant who permits a case to be continued from time to time without objection cannot upon appeal be heard to complain of the court's delay in setting the case for trial.

2. Appeal and Error—Admission or Rejection of Evidence.—Alleged errors in the admission or rejection of evidence not embodied in the motion for new trial are not subject to review by this court.

3. Trial—Instructions.—An instruction held proper which substantially submits to the jury an issue raised by the pleadings and proof.

4. Bills and Notes—Endorsement Without Recourse—Recovery.—That a note was endorsed without recourse will not bar recovery by the endorsee, where the evidence shows that but for the fraud and misrepresentation of the endorser the note would not have been accepted as part payment in a transaction between the parties.

5. New Trial—Newly Discovered Evidence.—Newly discovered evidence which is merely cumulative and not of a decisive nature, nor such as was reasonably certain to have brought about a different result, is not sufficient to entitle the mover to a new trial.

W. MIKE OLIVER for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

In this suit instituted in 1914 recovery was sought on a note of $1,000.00, dated July 24, 1913, and payable January 1, 1915, which was executed by W. W. Berry to T. A. Miller as part of the consideration in the purchase of a house and lot in Ballard county.

In October, 1913, appellant purchased from appellee a tract of land in McCracken county, and as a part of the consideration assigned and transferred to appellee the aforesaid note which appellant had received in a transaction with Miller. Because of the misrepresentation and fraud of appellant, and alleging that the note was worthless, recovery was sought for the principal of the note and interest. A trial by jury resulted in a verdict for appellee, but on motion this was set aside and appellee required to assert a lien against the Ballard county property. Berry had become bankrupt since the execution of the note.

Appellee filed suit on said note in the Ballard circuit court and on appeal from an adverse decision this court in 176 Ky. 61, 195 S. W. 131, reversed the judgment and awarded appellee a second lien on the property. The house and lot were sold and after the payment of the first lien, appellee received and applied as a credit on the note the sum of $205.07, for which sum, paid April 15, 1918, he asked, in an amended petition, that the note be credited and that he be given judgment for the balance. A second trial in the present action resulted in appellee's favor and to reverse that judgment this appeal has been prosecuted.

Complaint is made of the long delay in securing a trial in the circuit court. The motion for a new trial following the first verdict was sustained at the January term 1915. With the exception of a motion made at the following February term to set the action for trial (on which motion supporting and opposing affidavits were filed), the case was continued from time to time without objection. When the action was finally assigned to a day

for trial appellant asked for a continuance. Under these circumstances it ill becomes appellant to complain of the court when, according to the record, his own inaction was largely responsible for the delay.

After the record, signed and certified, had been filed in this court, appellant undertook to attach thereto an additional transcript of forty-five pages certified by the circuit clerk to be a part of the record. A motion to file this supplemental record was passed to a decision on the merits. The part sought to be filed consists of the depositions of appellant's witnesses and certain exhibits filed therewith. What purports to be the same depositions as read to the jury are embodied as a part of the record as originally filed.

Appellant in his brief complains of alleged error in the rejection of evidence, a matter not subject to review because not embraced in the grounds for a new trial.

Error in the giving and refusing of instructions is urged for reversal, but we find no just cause for complaint in this regard. The references in the first instruction to the note as representing a first or superior lien on a two hundred acre farm, while inapt was not prejudicial. It is easy to see how appellant, a man seventy years of age, could have understood that the note in suit was a first lien on the land. His testimony substantially so shows. The question of the alleged fraud and misrepresentation was for the jury and we do not think the court erred in the use of the words complained of. Furthermore the language objected to was so employed as to have been void of any prejudicial effect; the jury could not have been misled thereby, nor do we perceive how the words could in any wise have influenced the verdict. Where an instruction taken as a whole fairly and properly expresses the law applicable to the case no just ground for complaint exists, even though an isolated or detached clause or expression is in itself inaccurate or incomplete. 14 R. C. L. 818.

That the note was endorsed without recourse does not affect the verdict. There was sufficient evidence of fraud and misrepresentation to sustain the decision reached by the jury. According to the uncontroverted testimony, appellee's nephew (a partner of appellant), secured a purchaser for appellee's farm and told him to come to the office to close the deal. The nephew was out when appellee called, but appellant told him he was the purchaser, and as the result of certain statements and representations made to appellee about the note, the

trade was made. Appellant disposed of the property two or three days after the execution of the deed. As a matter of fact a Mr. McKinney had agreed to buy the farm for $2,500.00 cash, and appellant had been so informed by appellee's nephew.

Newly discovered evidence was presented as a ground for a new trial. The new witness was the typist who wrote the deed between the parties; her evidence was merely cumulative, not of a decisive nature, nor such as was reasonably certain to have brought about a different result. It was not error to refuse a new trial on this ground.

The judgment is affirmed.