## DEROUEN v. SOUTHWEST LOUISIANA FARM MORTGAGE CO. *

(Circuit Court of Appeals, Fifth Circuit. April 25, 1924.)

No. 4288.

**Bankruptcy ⬅400(4)—Mortgagee of homestead held not to have lost right to resist claim asserted by bankrupt in Louisiana.**

Under Const. La. 1921, art. 11, § 1, mortgagee of homestead in Louisiana did not lose its right to resist claim asserted by bankrupt to $2,000 out of proceeds of homestead, which was purchased in by mortgagee for less than amount of debt due it, by having failed to except to report of trustee within 20 days, as provided in General Order in Bankruptcy XVII, report in question disclosing no determination of trustee as to homestead except, "I have been offered $2,500 for real estate and cannot exempt same."

Petition to Superintend and Revise from the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

In the matter of the estate of Duplex Derouen, bankrupt. On petition to superintend and revise a determination in favor of the Southwest Louisiana Farm Mortgage Company. Petition denied.

L. A. Goudeau, of Lake Charles, La., for petitioner.

Leland H. Moss and C. A. McCoy, both of Lake Charles, La., for respondent.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied June 30, 1924.

WALKER, Circuit Judge. The bankrupt's schedule of property claimed as exempt included itemized personal property and a described' tract of land, occupied by the bankrupt as a home, against which the schedule showed there was a mortgage to secure notes held by the respondent. A report of the trustee, filed on January 26, 1923, showed that designated personal property was set apart to the bankrupt as exempt, and stated:

"I have been offered $2,500 for real estate and cannot exempt same."

With the consent of the bankrupt the mortgaged land was sold by the trustee free of liens. At that sale the respondent, the mortgagee, bought the mortgaged land at the price of $2,500; that amount being less than that of the debt secured by the mortgage. Thereafter, on February 26, 1923, the bankrupt filed a petition claiming $2,000 in cash out of the proceeds of the sale. On March 10, 1923, the respondent filed objections to the granting of the prayer of the just mentioned petition of the bankrupt. The referee rejected the claim asserted by that petition. The court affirmed the referee's decision. That action of the court is presented for review by the bankrupt's petition to superintend and revise.

The bankrupt's claim to the $2,000 was based on the Louisiana law exempting a homestead to the value of $2,000, and providing that, in case the homestead exceeds $2,000 in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum. Constitution of Louisiana of 1921, § 1, art. 11. It is not questioned that the Louisiana law permits the mortgaging of homestead land. The bankrupt complained of the action of the referee in rejecting his claim to $2,000 of the proceeds of the sale of the mortgaged property on the single ground that under the provision of General Order in Bankruptcy XVII, relating to the trustee's report as to property set off to the bankrupt as exempt, that "any creditor may take exceptions to the determination of the trustee within 20 days after the filing of the report," the respondent, by failing to except to the trustee's report within 20 days after the filing thereof, lost any right to resist the claim asserted by the bankrupt, and that an effect of the failure to except to such report within the time allowed was to render the claim asserted by the bankrupt incontestable.

The bankrupt has not in this court questioned the validity of the mortgage, nor made any contention as to the amount of the debt secured thereby. In the court below he explicitly disclaimed any intention to question the validity of the mortgage, or to deny that respondent would have been entitled to all of the proceeds of the sale of the mortgaged property, if he had taken proper and timely action to that end. We are not of opinion that the above-quoted provision of General Order XVII has the effect attributed to it in behalf of the bankrupt. That provision has reference to "the determination of the trustee," disclosed by his report, as to property set off to the bankrupt as exempt. It does not contemplate or require exceptions to the report by one who has no complaint to make of the determination of the trustee evidenced thereby, and does not purport to give to a failure of such a person to except to the report within 20 days after the filing of it the effect of

depriving him of the right to contest a claim not dealt with by the report. The report here in question disclosed no determination of the trustee as to the homestead land, except that evidenced by the words:

"I have been offered $2,500 for real estate and cannot exempt same."

The report showed no action by the trustee which was adverse to any claim to either the land or the proceeds of a future sale of it, based on the mortgage to respondent. The making, filing, and confirmation of the report were consistent with respondent's rights, based on the mortgage, remaining unaffected by any action or determination of the trustee disclosed by such report. So far as appears, prior to the filing of the bankrupt's petition claiming $2,000 out of the proceeds of the sale of the mortgaged property, nothing occurred in the bankruptcy proceeding which respondent was interested in resisting or excepting to. In the proceedings which resulted in the sale of the homestead land free of liens, no question was raised as to the validity of the mortgage, or as to the mortgagee's right to the proceeds of the sale, if the land sold for less than the mortgage debt.

No question as to the mortgagee's right to such proceeds having been raised before the bankrupt filed his claim to $2,000 thereof, it was not incumbent on the respondent to resist the claim of the bankrupt which is in question until that claim was made and came to the notice of the respondent. In re Martin, 210 Fed. 620, 127 C. C. A. 256. There is no substantial basis for the contention that respondent's rights based on the mortgage to it were lost by its lack of due promptness in asserting those rights after the occasion to do so arose. Respondent's resistance to the claim was made promptly after it was notified thereof. The record does not show that there was any error in the action of the court in passing on the conflicting claims to the fund realized from the sale of the homestead land. 2 Collier on Bankruptcy (13th Ed.) 1764.

The petition is denied.