## W. H. Johnson v. P. T. Johnson.

(Decided February 11, 1927.)

## Appeal from McCracken Circuit Court.

1. Appeal and Error—Where Two Suits were Tried Together, Refusing to Abate Second Suit on Ground that Claims Therein Should be Set up by Amendment to First Suit Held Not Prejudicial.—Where plaintiff brought two successive suits to recover rent for successive periods and for other claims, and they were tried together and evidence heard in same way as would have been done had the claims in the second suit been set up by way of amendment to the petition in the first, held that overruling plea in abatement of second suit made on ground that claims therein should be set up by way of amendment to first suit was not prejudicial.

2. Appeal and Error—Presumption is that Instructions Were Sufficiently Favorable, Where They do Not Appear in Record.—Where instructions do not appear in the record, presumption is that they adequately cared for appellant's rights.

W. A. BERRY for appellant.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Prior to July, 1924, the appellant and others were engaged as partners in the monument business in Paducah. In that month the appellee, who is the brother of the appellant, bought out appellant's partners, and thereafter he and the appellant conducted the business as partners until the fall of that year. Disagreements arose between the brothers, and they finally entered into contracts of settlement and sale in the fall of that year. Although the contract and the settlement were introduced on the trial in the court below, they have not been copied into the record, and for that reason we do not know the exact terms of either of them, although the record reflects in a broad way what they contain. By them the appellant and appellee seem to have had a settlement of their financial affairs up to that time, and appellee sold out his interest in the firm to the appellant. The partnership had been carrying on its business in a building owned by the appellee, and it is conceded that by the contract of sale the appellee leased to the appellant this building for $35 a month beginning December 1, 1924. In the spring

of 1925 appellee brought a suit against the appellant for the rent which had accrued during the months of December, 1924, and January, February and March of 1925, and also for certain sums of money due him individually under the settlement from customers of the old firm which he claimed the appellant had collected for him and had failed to turn over to him and for the further sum representing the value of some granite belonging to him, and which he claimed the appellant had converted to his own use. While this suit was pending, the months of April, May, June and July passed by and appellee then brought a second suit for the rent accruing during these four months, and for some additional sums due him under the settlement and which he claimed the appellant had collected and failed to pay over to him. In due course of time appellant appeared in action No. 2 and filed an answer which he called a plea in abatement, pleading that the claims set up in suit No. 2 should have been set up in suit No. 1 by way of an amended petition. The court overruled this plea. In suit No. 1 the appellant admitted he owed the rent claimed but traversed the other claims asserted, and then interposed a counterclaim based on what he claimed the appellee owed him for commissions earned and proceeds of sales made by their firm prior to the financial settlement they had in the fall of 1924. In suit No. 2 he admitted the rent claimed therein, traversed the other items, and interposed a like counterclaim to that in suit No. 1, increasing the amounts and items therein set up. Replies in both suits made up the issues. When suit No. 1 came on to be tried, by agreement of the parties suit No. 2 was tried with it. The trial resulted in a verdict for the appellee for about all he was suing for in both suits and the dismissal of both of appellant's counterclaims. From the judgment he appeals.

He first insists that his "plea in abatement" should have been sustained and that the appellee should have been compelled to assert, by way of amended petition in suit No. 1, the claims set up in suit No. 2. Conceding without deciding that appellant is correct in this contention, yet it is obvious that he was not prejudiced by the court's action in declining to so compel the appellee, because the two suits were tried together, and the evidence heard in just the same way as would have been done had these additional claims been set up by way of amended petition in suit No. 1. But in this connection

appellant insists that the court erred in instructing the jury on the two cases jointly and in failing to instruct the jury on the issues in the two cases separately. We might comment on the inconsistency of the appellant in insisting that the second suit should have been set up by an amended petition in suit No. 1, in which event there would not have been two sets of instructions, but, beyond this, the appellant has not brought up in this record the instructions of the court, and hence we are unable to say that he was prejudiced by the way the instructions were given. For aught that we know, though given in one set, they may have adequately taken care of all the rights of the appellant. Indeed, on appeal, the assumption is, in their absence, that they did.

He next insists that the appellee should not have been permitted to recover on the item of granite because the evidence shows that this granite belonged to appellee's son and not the appellee, and that there was no evidence that the appellant had converted it. Appellant is in error about this, as his own testimony shows a conversion of this granite. Further, the testimony of appellee's son shows that he was not to get title to this granite until it had been shipped to appellee out in Missouri and had been there received by appellee.

It is lastly contended that the evidence does not sustain the verdict. It is sufficient to say that it amply sustains it.

Judgment affirmed.