## Johnson v. Johnson.

(Decided June 27, 1928.)

### Appeal from McCracken Circuit Court.

1. Landlord and Tenant.—Where defendant collected rent from plaintiff always insisting contract giving plaintiff option to buy was in full force, he cannot, in action for damages for breach of option contract, contend that it was no longer in effect owing to plaintiff's failure to pay rent.

2. Landlord and Tenant.—In action for breach of contract giving plaintiff option to buy leased premises, evidence held to support finding that subsequent contract not containing option clause was not intended as substitute for contract sued on, where contracts were not antagonistic, and plaintiff contended that second contract was to modify first only as to time of delivery of property.

3. New Trial.—Refusal to grant new trial on ground of newly discovered evidence held not error, where evidence showed total lack of diligence on part of defendant in not having witnesses present at trial of case.

4. New Trial.—Refusal of new trial, on ground of newly discovered evidence, held not error, where evidence of newly discovered witness was merely cumulative, not of decisive nature, nor reasonably calculated to produce different result.

BEN S. ADAMS and JOHN G. LOVETT for appellant.

F. E. GRAVES and ROY HOLMAN for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

The appellant and appellee, who are brothers, have been at odds ever since the appellant sold his monument business in Paducah to the appellee. One phase of their controversy reached this court in the case of Johnson v. Johnson, reported in 218 Ky. 246, 291 S. W. 37. Due to the confused state of the record in that case, some of the facts, not material, however, to the issues disposed of by that opinion, were, as now appears in the light of the record in this case, incorrectly set out. It was there stated that in July, 1924, the appellant and appellee were partners in the monument business. It now appears that they were not, but that appellant was the owner of the business, which by an agreement of date July 25, 1924, he contracted to sell to the appellee, as of November 1, 1924. Among other things, that agreement provided that the appellant, who owned the premises on which the business was being conducted, should rent these premises to the appellee for the purpose of continuing the business there for a period of five years after appellee took charge, at a monthly rental of $35. During the term of the lease, the appellee was to have the option of buying the premises for the sum of $2,100 if he elected to buy them during the first year of the lease, the sale price to increase $100 each year of the lease until the option to purchase should be exercised by the appellee if at all. In the case above referred to, the appellant sued and recovered from the appellee, among other things, rent provided for by this agreement for the months in controversy.

In October, 1924, the parties found that the appellant was not going to be able to deliver the business to the appellee on November 1, 1924, as he had been unable to reduce the stock of granite and other stone down to the figure to which he had agreed to reduce it by that time and further because he had been unable to finish certain contracts for monuments he had entered into. So on October 31, 1924, these parties entered into another agreement, which, in the main, repeated the provisions of the agreement of July 25, 1924, except that appellant was now to deliver the business as of December 1, 1924, instead of November 1, 1924. The rental phase of the agreement of July 25th was incorporated in the agree-

ment of October 31st, but the option to purchase phase was omitted. In December, the appellant delivered the business to the appellee, who took charge of it and has conducted it ever since. The appellee had not been in charge of the business long before disputes with his brother began to arise, some of which culminated in the case which came to this court as stated above. In 1926, appellant sold the premises in question to Owen Bros. Thereafter, appellee exercised the option to purchase these premises given him by the agreement of July, 1924. The appellant, having conveyed the premises to Owens Bros., of course could not comply with this part of the agreement of July, 1924, and thereupon appellee brought this suit to recover damages for the alleged breach on the part of the appellant of this part of the July agreement. On the trial the appellee recovered judgment for $4,700, the amount of which is not attacked if appellee is entitled to recover anything. From that judgment this appeal is prosecuted.

For reversal, appellant insists (1) that appellee, having breached the contract by failing to pay the rent, cannot now recover upon it; (2) that the agreement of October was a complete substitute for the agreement of July; and (3) that the lower court should have granted him a new trial for newly discovered evidence.

So far as the first ground is concerned, the appellant's own pleadings and the proof show that he never treated appellee's failure to pay the agreed rent as bringing the contract to a close. Appellant collected that rent, part without suit and part by suits and judgments. He was always insisting that the contract was in full force, which, being true, he cannot now say that it no longer had any effect. See Williston on Contracts, secs. 1322 and 1323.

With regard to appellant's second ground for reversal, we find that the contracts of October and July are not antagonistic. The July contract called for a delivery as of November 1st. The contract of October extended this time one month. The evidence shows that the reason for this extension was the fact that the appellant had not been able to reduce the stock to the May inventory, as it was agreed by the July contract he should do, and that he had been unable to complete certain jobs on which he was working. The extension of time for delivery was given in order to allow appellant to further reduce the stock and to enable him to complete the jobs on which he

was working. Inasmuch as the contracts are not antagonistic to one another, whether the October contract was meant to be a substitute for the July contract as appellant contends, or merely a modification of some of its terms, the other terms to remain in full force and effect, as appellee insists, is a question of fact resting on the intention of the parties. 13 C. J. 588. On this issue the appellant and his son testified that it was agreed between the parties that the October contract was to be a complete substitute for the July contract, and that the option to purchase was left out of the October contract after the question of its inclusion had been debated between the parties and the appellee had stated that he did not wish such an option. The appellee flatly denied this, and said that the sole purpose of the October contract was to modify the July contract only as to the time of delivery; that he did not discuss its terms when it was written; that he was not even in town when the contract was written; and that all that he did was to sign it after its preparation. It also appears that in three suits for rent, which the appellant brought against the appellee, two of which reached this court in the former case, the appellant declared on the July contract, and this after the October contract had been entered into. Appellant secured a judgment in all of those cases for the rent based on the July contract. This was potent evidence that the appellant considered the July contract still in full force and effect. We are of the opinion that the finding that the parties did not intend the October contract to be a substitute for the July contract is warranted by the evidence.

Lastly, appellant urges that he was entitled to a new trial on the ground of newly discovered evidence. As to two of the three newly discovered witnesses, the evidence shows very conclusively a total lack of diligence on the part of the appellant in not having them present on the trial of this case. As to the other witness, the evidence which it is averred she would give if permitted to testify is merely cumulative, not of a decisive nature, nor reasonably calculated to produce a result different from that arrived at. Under such circumstances, it was not error to refuse the new trial on the ground indicated. Hartsfield v. Pace, 189 Ky. 93, 224 S. W. 647; Finnegan v. Floyd Garage & Auto Livery Co., 214 Ky. 416, 283 S. W. 402.

No error appearing prejudicial to the substantial rights of the appellant, the judgment is affirmed.