**In re WEEKS.**

**No. 602.**

District Court, N. D. Texas, Wichita Falls Division.

Sept. 21, 1933.

Goggans & Ritchie and M. W. Reeves, all of Dallas, Tex., for petitioner.

Vinson, Elkins, Sweeton & Weems, of Houston, Tex., opposed.

ATWELL, District Judge.

The West Texas Construction Company is the holder of a certificate of special assessment, issued by the city of Wichita Falls, against the homestead of the bankrupt. It was listed as a creditor, but it took no part in the proceedings.

On October 14, 1932, it received, through the mail, the following notice:

"In the District Court of the United States for the Northern District of Texas, Wichita Falls Division.

"In the Matter of William Frederic Weeks, Bankrupt. No. 601 in Bankruptcy.

"Notice of Proposed Sale.

"Notice is hereby given that Otis E. Nelson, trustee of said bankrupt's estate, has filed an application to sell twelve and one-half (12½) acres of land out of the S P RR Company Survey No. 1, in Wichita County, Texas, and being known as the W. F. Weeks Home Tract, alleging that an indebtedness of $70,000 to the Great Southern Life Insurance Company, $5000 to Ione E. Bushfield, $4,000 to the West Texas Construction Company, $700 to the Fuller Construction Company and the accrued taxes against said land, all of said indebtedness alleged to be secured by a lien upon said tract of land. The trustee prays that said land and premises be sold at public sale, free and clear of liens, except those enumerated.

"On consideration no adverse interests being represented a hearing is ordered on said application before the referee, at his office, 714 Staley Building, Wichita Falls, Texas, at ten o'clock in the forenoon, on the 26th day of October, A. D., 1932, to determine whether or not said land and premises be sold, and if so, whether it should be sold free of, or subject to liens and encumbrances.

"Dated this the 13th day of October, A. D., 1932.

"Walter Nelson,
"Referee in Bankruptcy."

It allowed the property to be sold, the sale confirmed, and the proceeds distributed without doing anything. In January of the following year, it entered the bankruptcy court and prayed the referee to set aside the sale and to revest the property in the trustee, claiming that it was misled by the notice of sale. This the referee declined to do.

In addition to the written notice, the evidence shows that Mr. Mann, an attorney at Wichita Falls, where the bankruptcy proceedings pended, had, from time to time, represented the petitioner. At the hearing on the trustee's application to sell, Mr. Mann was notified by telephone, and, while he did not represent the petitioner at that particular time in this particular case, he did attend the hearing and subsequently notified the petitioner's attorney at Dallas that the sale was to be free and clear of all liens except taxes. After the sale was made, the petitioner's Dallas attorney went to Wichita Falls and inspected the papers in the referee's office and advised the trustee that he (the trustee) would be informed in a few days whether any proceedings would be instituted to delay the distribution of the funds which were realized at the sale. No such steps were taken, and the moneys were distributed.

The property brought $15,000, which amount was bid by the Great Southern Life Insurance Company. The fund was distributed, first, to settle the cost of the proceedings; second, to repay the Life Insurance Company $8,382.29, that it had paid on taxes; third, to the Fuller Construction Company, $385; and, fourth, $5,778.02 to the Great Southern Life Insurance Company upon its claim of $50,000.

The West Texas Construction Company was entitled to ten days' notice by mail of the proposed sale of the property. Section

58a (4), Bankruptcy Act, 11 USCA § 94 (a) (4). Under the facts of the case, unless this notice was given to it, there was no jurisdiction to sell the property free of its liens. Ray v. Norseworthy, 23 Wall. (90 U. S.) 128, 23 L. Ed. 116; In re Martin (C. C. A.) 210 F. 620; inferentially, In re Lake Champlain Pulp & Paper Corporation (D. C.) 20 F.(2d) 425; In re Kohl-Hepp Brick Co. (C. C. A.) 176 F. 340. Perhaps actual notice would not fill the measure of the statute, Factors' & Traders' Insurance Company, v. Murphy, 111 U. S. 738, 4 S. Ct. 679, 28 L. Ed. 582, unless the creditor attended the sale and participated therein, In re Caldwell (D. C.) 178 F. 377; Pace v. Berry, 176 Ky. 61, 195 S. W. 131.

It is safe to say that the giving of the notice by mail was necessary, and that a secured creditor who has not filed or otherwise submitted to jurisdiction must be brought into the proceedings by such notice; that such a creditor is entitled to the notice before a valid sale free and clear of its liens can be had.

It is contended that the notice, which was duly received and which complied with the time provision of the statute, was confusing, insufficient, and ineffective.

The notice is poorly written. It contains two paragraphs. The first sentence of the first paragraph is incomplete. The second sentence of the first paragraph merely continues the telling of what the trustee had alleged in the petition to sell. The first sentence of the first paragraph mentioned five different liens against the property. The second sentence of that paragraph advised that the trustee was praying that the property be sold at public sale, free and clear of liens, "except those enumerated." Petitioner claims that the phrase, "except those enumerated," related to the five liens mentioned in the first sentence of the first paragraph, but a careful reading of the first paragraph shows that that sentence related to the prayer of the trustee in the petition. The prayer, the petition shows, asked that the property be sold free and clear of the first four liens, but not free and clear of taxes. Petitioner, assuming that its failure to act is due to the wording of the notice, did not read carefully. Neither does the petitioner read carefully in its argument on the present certificate to review. The first paragraph was merely an attempt to photograph something of what was in the trustee's application to sell.

The second paragraph of the notice, in unmistakable English, advised that a hearing will be had upon the application, at a certain place and hour, "to determine whether or not said land and premises be sold, and if so whether it should be sold free of or subject to liens and encumbrances." There is no uncertainty about the import of these words. The petitioner was therein notified that at a certain time and certain place the referee would pass upon the application of the trustee and would determine whether the property should be sold "free of, or subject to liens and encumbrances." That was the notice that it received in pursuance to the statutory requirement. It ignored that notice. It stayed away. It took no part in the proceedings. It had ample time, and it was orally urged to make known its position.

A notice is less formal than a citation. A citation or a subpœna or a summons usually have certain statutory requirements that must be met before there is valid service. Generally speaking, says 46 Corpus Juris, 553, when a formal notice is required to be given, it should give the necessary information. It must be clear and explicit and not ambiguous. A notice is not clear unless its meaning can be apprehended without explanation or argument.

There is no apparent ambiguity in the notice under scrutiny. The preamble of the notice which gives some information as to what the trustee is trying to do is poorly worded, but it cannot be said that clearer or more unambiguous phrases could have been used than were used in apprising the petitioner of that which was expected to be done at 10 o'clock in the forenoon, October 26, at the referee's office. At that place and time it was to be decided "whether or not the land and premises be sold," and "whether it should be sold free of or subject to liens and encumbrances." McRaney v. Riley, 128 Miss. 665, 91 So. 399, 22 A. L. R. 685; Id., 260 U. S. 727, 43 S. Ct. 90, 67 L. Ed. 484; last paragraph, Hanover National Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113.

It would be unfair and would make an improper use of a grammatical error in a descriptive paragraph, to permit it to overturn a direct, clear statement of what was expected to be done as shown in a succeeding paragraph. The word "enumerated" in the first paragraph is used by the petitioner as a modifier of the several liens therein mentioned. That word was used by the referee as referring to the lien securing the taxes in the trustee's application.

If correct grammar were a requisite of validity we might be in a bad plight, quite frequently, in our judicial proceedings.

The main purpose of the statute, the fairness of all of our proceedings, are based upon notice to the one against whom the proceedings are directed. That notice was given in this case. That notice was ignored. The proceeding being in rem is and was valid.

The petition is denied, and the order of the referee affirmed.