**WEST TEXAS CONST. CO. v. NELSON et al.**
**No. 7220.**

Circuit Court of Appeals, Fifth Circuit.

May 29, 1935.

Robert Allan Ritchie and Mart Winn Reeves, both of Dallas, Tex., for appellant.

Thomas Fletcher, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from an order approving the sale free of liens of certain real estate surrendered by a bankrupt. The sole question presented is whether the notice of a hearing before the referee to consider an application of the trustee for the sale was sufficient. The notice was as follows:

"Notice of Proposed Sale.

"In the District Court of the United States for the Northern District of Texas, Wichita Falls Division.

"In the matter of: William Frederick Weeks, Bankrupt, No. 601 in Bankruptcy.

"Notice is hereby given that Otis E. Nelson, trustee of said bankrupt's estate, has filed an application to sell twelve and one-half (12½) acres of land out of the S.P.R.R. Company Survey No. 1, in Wichita County, Texas, and being known as the W. F. Weeks Home Tract, alleging that an indebtedness of $70,000 to the Great Southern Life Insurance Company, $5000 to Ione E. Bushfield, $4000 to the West Texas Construction Company, $700 to the Fuller Construction Company and the accrued taxes against said land, all of said indebtedness alleged to be secured by a lien upon said tract of land. The trustee prays that said land and premises be sold at public sale, free and clear of liens, except those enumerated.

"On consideration no adverse interests being represented, a hearing is ordered on said application before the referee, at his office, 714 Staley Building, Wichita Falls, Texas, at ten o'clock in the forenoon, on the 26th day of October, A.D. 1932, to determine whether or not said land and premises be sold, and if so, whether it should be sold free of, or subject to liens and encumbrances.

"Dated this the 13th day of October A. D. 1932.

"Walter Nelson, Referee in Bankruptcy."

The notice was sent by mail to appellant and was received in time to have permitted attendance of a representative at the meeting. No point is made as to service by mail or sufficiency of time allowed.

Appellant, although scheduled as a creditor, had not filed its claim in the bankruptcy proceedings and was not represented at the meeting. However, its general counsel, residing in Dallas, was advised by letter, mailed the same day, that the referee had ordered the property sold free of liens. The property was sold after due advertisement for $15,000 cash, and was bought in by the Great Southern Life Insurance Company, the holder of a mortgage on it for $50,000, and also holder of another lien, exceeding $8,000, for taxes. The sale was confirmed by the referee on November 14, 1932. Before the funds were distributed, appellants, through attorneys, examined the proceedings and the distribution was held up by the trustee for several days to allow appellant to take such action as might be considered necessary, but nothing was done. The funds were then distributed. After that, appellant, alleging its claim and lien arose from a paving assessment, and

was therefore for taxes, filed this application to set aside the sale.

The District Court, as appears from a well-considered opinion in Re Weeks, 4 F. Supp. 558, reached the conclusion that while the notice was ambiguous in so far as it recites the application of the trustee, it clearly notified appellant that a hearing would be had before the referee to consider whether the property should be sold free of all liens.

We agree with the holding of the District Court that the notice was sufficient. Furthermore, it appears from the findings of the referee, which are not objected to, that while the property had been appraised at $150,000, and at one time was worth that much, the price it brought at the sale was not so inadequate as to require the sale to be set aside on that ground.

The fundamental purpose of the Bankruptcy Act (11 USCA) is to reduce the assets to cash as speedily as practicable for equitable distribution to the creditors. Appellant had ample notice and ample time to have asserted its lien against the proceeds. To now set the sale aside because of a slight ambiguity in the notice would put technicality above substance, would be inequitable to the purchaser and to those creditors to whom the proceeds were distributed, and would cause unnecessary delay in closing the estate and additional expense. Undoubtedly the court had jurisdiction to make the sale, and the proceedings were regular and sufficient. Van Huffel v. Harkelrode, 284 U. S. 225, 52 S. Ct. 115, 76 L. Ed. 256, 78 A. L. R. 453.

Affirmed.